```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
MANLENY MORALES PEREZ,                    :      14cv6133(DLC)
                          Movant,         :      11cr881 (DLC)
                                          :
            -v-                           :      MEMORANDUM
                                          :      OPINION & ORDER
UNITED STATES OF AMERICA,                 :
                          Respondent.     :
                                          :
------------------------------------------X
```

DENISE COTE, District Judge:

   Manleny Morales Perez ("Morales") has filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  Morales contends that her sentencing guidelines range should be recalculated to include a minor role adjustment and that she should be resentenced.  For the following reasons, the petition is denied.

## BACKGROUND

   Morales was indicted on narcotics charges and extradited from Colombia.  She first appeared in the Southern District of New York on November 19, 2012.  At a conference on November 26, a trial date of April 22, 2013 was set.  A superseding indictment was filed against Morales on December 3, 2012.  It charged her with participating in a conspiracy to distribute heroin and cocaine, and in a conspiracy to launder drug money.

   On March 26, 2013, Morales entered a plea of guilty to the drug conspiracy charge in the superseding indictment pursuant to

a written plea agreement with the Government.  In that agreement, Morales waived her right to appeal or collaterally challenge any sentence at or below 135 months' imprisonment.  Morales served as the Colombia-based broker of three multi-kilogram drug sales in New York.

The Presentence Report calculated Morales' sentencing guidelines range as 108 to 135 months' imprisonment.  The base offense level was determined to be 36 based on criminal activity involving over 10 kilograms of heroin and over 6 kilograms of cocaine.  She was given a two level adjustment pursuant to the safety valve provision of the law and a three level adjustment for acceptance of responsibility.

On June 28, Morales was sentenced principally to 84 months' imprisonment.  The judgment of conviction was filed on July 2, 2013.  The defendant did not appeal her conviction.

On July 7, 2014, Morales filed this petition.  The petition is dated June 27 and argues that Morales is entitled to a minor role adjustment.  It seeks to collaterally attack and vacate the sentence.

## DISCUSSION

There are several reasons why this petition must be denied.  First, any challenge to the procedural or substantive reasonableness of the sentence had to made through a direct appeal.  See Graziano v. United States, 83 F.3d 587, 590 (2d

Cir. 1996).  Morales did not appeal her sentence, despite being advised of her right to file an appeal.

Second, through her plea agreement, Morales waived her right to appeal a sentence of imprisonment at or below 135 months' imprisonment.  Morales has identified no reason to find that that waiver is not effective.  Since her sentence was 84 months' imprisonment, Morales may not challenge her term of imprisonment for this additional reason.

Third, even if it were appropriate to reach the merits of the issue raised by Morales, her petition would be denied.  Morales served as a broker for multi-kilogram sales of narcotics.  Her role in the offense of conviction does not warrant a minor role adjustment.

**CONCLUSION**

Morales' July 7 petition for a writ of habeas corpus is denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk

of Court shall close the case.

Dated:    New York, New York
          October 30, 2014

                                    _____
                                            DENISE COTE
                                    United States District Judge