IN THE UNITED STATES DISTRICT COURT
FOR THE  SOUTHERN  DISTRICT OF NEW YORK

MARLENY MORALES-PEREZ,
Petitioner

v.                                    CASE NO. 1:S1 11CR00881-01(DLC)

UNITED STATES OF AMERICA,
Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-9-2016

---

MOTION FOR MINOR ROLE ADJUSTMENT AND SENTENCE REDUCTION
BASED ON UNITED STATES v. QUINTERO-LEYVA AND PURSUANT TO
AMENDMENT 794 AND 28 U.S.C.§2255

---

COMES NOW, Marleny Morales-Perez, Pro se, hereinafter referred to as "Petitioner", moves this court to grant relief and apply the minor role adjustment and sentence reduction based on United States v. Quintero-Leyva, 2016 WL 2865713 (9th Cir. 2016), and pursuant to the clarifying Amendment 794 and 28 U.S.C.§2255.

District Courts do not allow Petitioners to file for relief for clarifying amendments using 18 U.S.C.§3582(c)(2). Rather, they are only applicable while on direct appeal or if relied upon in a motion under 28 U.S.C.§2255. Petitioners who have never filed or those who have previously filed are eligible to do so because no relief based on the clarifying amendment was available until the amendment became effective on November 1, 2015. According to various Court of Appeals, not all numerically second 2255 motions are "second or successive." This motion is being filed prior to November 1, 2016; therefore, this motion is timely.

In United States v. Quintero-Leyva, the Court held that Amendment 794 is a "clarifying amendment", which automatically makes the amendment retroactive. The government conceeded that the amendment applies retroactively. Three factors are considered when assessing whether an amendment to the Guidelines applies retroactively:
  (1) Whether the amendment is listed as a retroactive amendment
      in U.S.S.G.§1B1.10(c);
  (2) Whether the amendment is characterized as a clarification;
  (3) Whether the amendment resolves a circuit split.

-1-

United States v. Christensen, 598 F. 3d 1201, 1205 (9th Cir.2010) (citing United States v. Morgan, 376 F. 3d 1002, 1011 (9th Cir. 2004) ).

Amendment 794 is a result of the Commission's study of 3B1.2 (mitigating role). Overall, the study found that mitigating role is applied inconsistently and more sparingly than the Commission intended. For example, application of mitigating role varies along the southwest border, with a low of 14.3 percent of couriers and mules receiving the mitigating role adjustment in one district compared to a high of 97.2 in another. Moreover, among drug defendants who do receive mitigating role, there are differences from district to district in application rates of the 2-, 3-, and 4-level adjustments. The same applies to all other offenses across the board. U.S.S.G. Appendix C. Amendment 794.

The amendment resolves a circuit split. Specifically, it addresses a circuit conflict and other case law that may be discouraging courts from applying the adjustment in otherwise appropriate circumstances. Section 3B1.2 provides an adjustment of 2, 3, or 4 levels for a defendant who plays a part in committing the offense that makes him or her "substantially less culpable than the average participant." However, there are differences among the circuits about what determining "the average participant" requires. U.S.S.G. Appendix C. Amendment 794. Some courts assessed a defendant against a hypothetical average participant. United States v. Teeter, 257 F. 3d 14, 30, 31 (1st Cir. 2001) (writing that a defendant must demonstrate that he is both less culpable than most other participants in his crime and "also less culpable than the majority of those within the universe of persons participating in similar crimes.") The amendment generally adopts the approach of the Seventh and Ninth Circuits, revising the commentary to specify that, when determining mitigating role, the defendant is to be compared with the other participants "iH the criminal activity." Focusing the court's attention on the individual defendant and the other participants is more consistent with the other provisions of Chapter Three, Part B. See, e.g. §3B1.2. U.S.S.G. Appendix C. Amendment 794.

The language of the amendment indicates that the Commission intended it to be a clarifying amendment. In the past, a defendant may have been denied a mitigating role adjustment because he or she was "integral" or "indispensable" to the commission of the offense. United States v. Skinner, 690 F. 3d 772, 783-84 (6th Cir. 2012) (a "defendant who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensible or critical to the success of the scheme"); United States v. Panaigua-Verdugo, 537 F. 3d 722, 725 (7th Cir. 2008) (defendant "played an integral part in the transaction and therefore did not deserve a minor participation reduction"). However, a finding that the defendant was essential to the offense does not alter the requirement, expressed in Note 3(A), that the court must assess the defendant's culpability relative to the average participant in the offense. The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity. The amendment further provides that a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for a mitigating role adjustment. Id.

The amendment provides a non-exhaustive list of factors for the court to consider in determining whether to apply a mitigating role adjustment, and, if so, the amount of the adjustment. The factors are:
  (i) the degree to which the defendant understood the scope and structure of the criminal activity;
  (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
  (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
  (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

-3-

AO 243 (Rev. 01/15)    Page 13

Therefore, movant asks that the Court grant the following relief:

to have her sentence reduced pursuant to 3B1.2's amendment 794,
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___7/1/2016___
(month, date, year)

Executed (signed) on ___7/1/2016___ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, Comment, n.1(c).

If a defendant was a <u>minimal participant</u>, the offense level is to be decreased by 4 levels. If a defendant was a <u>minor participant</u>, the offense level is to be decreased by 2 levels. In cases falling between the two, the offense level is to be decreased by 3 levels. 3B1.2 defines a <u>minimal participant</u> as one who is "plainly among the least culpable of those involved in the conduct of the group". A <u>minor participant</u> is defined as one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."

Petitioner asserts eligibility under §3B1.2's amendment 794 as being not as culpable as the other participants in the criminal activity. Petitioner respectfully asks this Honorable Court to apply the proper reduction and resentence accordingly.

Respectfully submitted this _1_ day of _julio_, 2016.

_____
Inmate No. 91928-054

CERTIFICATE OF SERVICE

I, __Marleny Morales-Perez_____, do certify that the attached motion was placed in the prison mailbox from __FCI Aliceville_____ on ___1 Julio /16__ and sent to _____ _____. I declare under the penalty of perjury that all of the statements made in this "Certificate of Service" are true and correct.

So served, _Marleny Morales perez_.
So executed, _1 julio/16_____.

-5-

AO 243 (Rev. 01/15) Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN DISTRICT OF NEW YORK |
|---|---|
| Name (under which you were convicted): MARLENY MORALES-PEREZ | Docket or Case No.: 1:SI-11CR00881-01(DL) |
| Place of Confinement: FCI ALICEVILLE | Prisoner No.: 91928-054 |
| UNITED STATES OF AMERICA V. | Movant (include name under which convicted) MARLENY MORALES-PEREZ |

MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    Southern District of New York district court

    (b) Criminal docket or case number (if you know): 11 CR 00881-01(DL)

2. (a) Date of the judgment of conviction (if you know): Unknown
   (b) Date of sentencing: June 28, 2013

3. Length of sentence: 84 months

4. Nature of crime (all counts):

    21:841(B)(1)(A) and 21:846 Conspiracy to distribute and possession with intent to distribute cocaine and heroin

5. (a) What was your plea? (Check one)
    (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

    N/A

6. If you went to trial, what kind of trial did you have? (Check one) N/A  Jury ☐   Judge only ☐
7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐   No ☒
8. Did you appeal from the judgment of conviction? Yes ☐   No ☒

AO 243 (Rev. 01/15) Page 3

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A

   (3) Date of result (if you know): N/A
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: Southern District of New York district court
        (2) Docket or case number (if you know): unknown
        (3) Date of filing (if you know): ~~unknown~~ July 7, 2014

        (4) Nature of the proceeding: §2255 motion
        (5) Grounds raised: minor role adjustment under 3B1.2

AO 243 (Rev. 01/15)                                                                                                        Page 4

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐   No ☒
(7) Result: _denied - waived right to appeal_
(8) Date of result (if you know): _unknown_

(b) If you filed any second motion, petition, or application, give the same information:
(1) Name of court: _Southern District of New York district court_
(2) Docket of case number (if you know): _unknown_
(3) Date of filing (if you know): _November 12, 2014_
(4) Nature of the proceeding: _Amendment 782_
(5) Grounds raised: _Amendment 782 / 2 point reduction_

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐   No ☒
(7) Result: _denied_
(8) Date of result (if you know): _October 29, 2015_

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition:    Yes ☐   No ☒
(2) Second petition:   Yes ☒   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_N/A_

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                                              Page 5

GROUND ONE: _Movant seeks a sentence reduction for a minor role pursuant to 3B1.2's clarifying amendment 794_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioners who have never filed are eligible to do so because no relief based on the clarifying amendment was available until the amendment became effective on November 1, 2015. Petitioners who have previously filed are awarded the same opportunity. In United States v. Quintero-Leyva, the court held that Amendment 794 is a clarifying amendment, which automatically makes the amendment retroactive. Petitioner asserts she was less culpable than the other participants in the criminal activity and asks this court to apply the proper reduction and resentence her accordingly.

(b) Direct Appeal of Ground One:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐    No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:

_No direct appeal was filed. Amendment 794 was not effective then._

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐    No ☒
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _N/A_
  Name and location of the court where the motion or petition was filed:
  _N/A_
  Docket or case number (if you know): _N/A_
  Date of the court's decision: _N/A_
  Result (attach a copy of the court's opinion or order, if available):

  _N/A_

  (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐    No ☒
  (4) Did you appeal from the denial of your motion, petition, or application?
       Yes ☐    No ☒
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
       Yes ☐    No ☒

AO 243 (Rev. 01/15)  Page 6

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND TWO: No further grounds

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

AO 243 (Rev. 01/15)            Page 7

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND THREE:** No further grounds

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐   No ☒
    (2) If you did not raise this issue in your direct appeal, explain why:

    N/A

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐   No ☒
    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed:

N/A
Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐   No ☒
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐   No ☒
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A
Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

AO 243 (Rev. 01/15)                                                                                           Page 9

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____N/A_____

**GROUND FOUR:** No further grounds

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) Direct Appeal of Ground Four:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:

_____N/A_____

(c) Post-Conviction Proceedings:
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☒

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed:

  N/A
  Docket or case number (if you know): N/A
  Date of the court's decision: N/A
  Result (attach a copy of the court's opinion or order, if available):

  _____N/A_____

AO 243 (Rev. 01/15) Page 10

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):  N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The grounds presented to the Court have not been previously presented in federal court because movant did not file a direct appeal and amendment 794 was not effective when she filed her 2255 motion.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A

AO 243 (Rev. 01/15)                                                                                                    Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:
   _Attorney on record_

   (b) At the arraignment and plea:
   _Attorney on record_

   (c) At the trial:
   _N/A_

   (d) At sentencing:
   _Attorney on record_

   (e) On appeal:
   _N/A_

   (f) In any post-conviction proceeding:
   _James M. Keneally; 40 Wall Street, 53rd Floor; New York, NY. 10005_

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   _N/A_

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   _N/A_

   (b) Give the date the other sentence was imposed: _N/A_
   (c) Give the length of the other sentence: _N/A_
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   This motion is being filed prior to November 1, 2016, the one-year time limit to file for relief for amendment 794, and is therefore timely.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.