```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :    11cr00881-01 (DLC)
                                         :
            -v-                          :    MEMORANDUM OPINION
                                         :         AND ORDER
MARLENY MORALES-PEREZ,                   :
                      Defendant.         :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On June 28, 2013, Marleny Morales-Perez ("Morales") was sentenced principally to a term of imprisonment of 84 months after pleading guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Presentence Report calculated Morales' sentencing guidelines range as 108 to 135 months' imprisonment, reflecting an offense level of 31 and a Criminal History Category of I. Morales did not appeal her conviction.

On July 7, 2014, Morales filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, arguing that she was entitled to a minor role adjustment and a reduction in sentence. The petition was denied on October 30, 2014, because (1) any challenge to the substantive or procedural reasonableness of the sentence had to be made through a direct appeal; (2) she waived her right to appeal any sentence below

135 months' imprisonment; and (3) she did not play a minor role in the offense.  Morales v. United States, No. 11-cr-881(DLC), 2014 WL 5493240 (S.D.N.Y. Oct. 30, 2014).  On November 12, 2014, Morales filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which was denied on October 29, 2015, because the defendant's original sentence was lower than the amended drug guidelines range.

On August 9, 2016, Morales filed a petition pursuant to 28 U.S.C. § 2255 seeking a minor role adjustment and sentence reduction, arguing that she is entitled to receive the benefit of Amendment 794 to the Sentencing Guidelines, U.S.S.G. App. C. Amend. 794 (effective November 1, 2015), which the Ninth Circuit has applied retroactively in the context of a direct appeal. See United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016).  On August 15, the Court transferred the petition to the Court of Appeals for the Second Circuit as a successive habeas petition.  On October 17, in connection with Morales' motion to proceed in forma pauperis, the Court of Appeals found that Perez "may be seeking a sentence reduction in connection with Amendment 794 of the United States Sentencing Guidelines, which is governed by 18 U.S.C. [§] 3582(c)(2) and not 28 U.S.C. § 2255" and transferred the petition back to this Court "to determine, in the first instance, whether Petitioner should receive a sentence reduction."  Morales v. United States, No.

16-2826 (2d Cir. Oct. 17, 2016). In accordance with the Second Circuit's order and this Court's Opinion and Order in United States v. Perez, No. 08-cr-00429-06(DLC), 2016 WL 4775536 (S.D.N.Y. Sept. 14, 2016), Morales' August 9 petition will be construed as a motion pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) permits a court to reduce a sentence "in circumstances specified by the" Sentencing Commission. Dillon v. United States, 560 U.S. 817, 825 (2010). Under § 3582(c)(2), a court may only modify a sentence either (1) upon the motion of the Director of the Bureau of Prisons if certain requirements are met, (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, or (3) when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see U.S.S.G. § 1B1.10(a)(1). Morales' motion concerns only the third ground for resentencing, and her argument is without merit.

A court has authority to reduce an otherwise final sentence based on the third ground only if the amendment was intended by the Sentencing Commission to be applied retroactively. U.S.S.G. § 1B1.10(a)(1). "A court's power under § 3582(c)(2)" therefore

3

"depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."  Dillon, 560 U.S. at 826.  See also United States v. Rivera, 662 F.3d 166, 171 (2d Cir. 2011) ("[E]ligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection [(d)]" (citation omitted)).  The Guidelines Manual lists the amendments that the Sentencing Commission has decided shall be applied retroactively, and Amendment 794 is not listed.  U.S.S.G. § 1b1.10(d).  Therefore, the Court has no authority to reduce Morales' sentence under § 3582(c)(2).

Morales contends that she is entitled to a retroactive reduction, relying on Quintero-Leyva, 823 F.3d 519.  Quintero-Levya addressed Amendment 794 in the context of a direct appeal, and is therefore inapposite.  Id. at 522.  See, e.g., United States v. Armstrong, 347 F.3d 905, 908-09 (11th Cir. 2003) ("While consideration  of [the amendment] as a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2)."); United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003) ("The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a

correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2)."); United States v. Lykes, 73 F.3d 140, 143 n.2 (7th Cir. 1995) (the defendant's "argument that this court erred in determining that [the amendment] was substantive is not relevant to our determination of this § 3582(c)(2) motion, which is governed by § 1B1.10" (citation omitted)).

Further, even if it were appropriate to reach the merits of the issue raised by Morales, her motion would be denied. As previously noted in denying Morales' § 2255 petition, in which she also requested a minor role reduction, "Morales served as a broker for multi-kilogram sales of narcotics. Her role in the offense of conviction does not warrant a minor role adjustment." Perez, 2014 WL 5493240, at *1. The same is true today. Accordingly, it is hereby

ORDERED that the motion, construed as one for resentencing pursuant to § 3582(c)(2), is denied.

IT IS FURTHER ORDERED that a certificate of appealability shall not be granted. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order

would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

Dated:    New York, New York
          October 27, 2016

```
                              _____
                                    DENISE COTE
                              United States District Judge
```

6